UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FRANKIE K. WASHINGTON,<br><br>        Petitioner,<br>  v.<br>DISTRICT ATTORNEY,<br><br>        Respondent. | No. 2:25-cv-08359-DOC-BFM<br><br>**ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED** |

      Petitioner Frankie K. Washington filed a habeas petition in this District challenging her 2002 conviction. (ECF 1 ("Petition") at 2.) Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, the Court must review the Petition before ordering a response. If it "plainly appears" from that initial review that Petitioner is not entitled to habeas relief, the Court must dismiss the Petition.

      Here, the Petitioner raises five grounds for relief. Her claims appear to be barred, each for different reasons. The Court therefore orders Petitioner to show cause—meaning explain in writing—why her Petition should not be dismissed.

**BACKGROUND**

Petitioner Frankie Washington is a California state prisoner currently housed in the Central California Women's Facility, in Chowchilla, CA. (Petition at 1.) She was convicted at a jury trial of charges relating to assault, kidnapping, and attempted murder. *See* Petition at 1; *see also Washington v. Kenan*, No. CV 06-156-GHK (PLA), 2008 WL 5397389 (C.D. Cal. Dec. 22, 2008) (previous habeas petition setting out history of Petitioner's state criminal case). Petitioner was sentenced to 29 years in prison. *Washington*, 2008 WL 5397389, at *1. Petitioner appealed her sentence through the California courts and litigated two habeas petitions in this District as well. *Id.*; *Washington v. Mitchell*, No. CV 12-7808-GHK (PLA), 2013 WL 830917 (C.D. Cal. Jan. 15, 2013); *Washington v. Adams*, 751 F. App'x 1032 (9th Cir. Feb. 11, 2019) (affirming dismissal of second habeas petition).

In September 2025, Petitioner filed a new habeas Petition in this Court. Her Petition raises five claims:

Claim One: Petitioner's judgment in a prior habeas case, No. 06-156-GHK (PLA), should be vacated under Rule 60(b).

Claim Two: Petitioner is actually innocent.

Claim Three: CDCR failed to give her all the good time credit to which she is entitled.

Claim Four: Petitioner's claim under the Racial Justice Act was transferred to a different state case number, and to a court that has no authority to consider the relief requested.

Claim Five: Petitioner did not receive a full and fair resentencing hearing in connection with her S.B. 775 petition.

(Petition at 3, 8.)

# ANALYSIS

Based on the Court's preliminary review, it appears that the Petition may be subject to dismissal in its entirety under Rule 4.

## A. Claim One: Rule 60(b) Motion

Petitioner argues that the judgment in her first habeas petition, filed in Case No. 06-156-GHK (PLA) should be vacated under Rule 60(b). A Rule 60(b) motion is a motion to vacate an existing judgment and should be filed in the case number of the judgment that the individual is seeking to vacate. *Wood v. McEwan*, 644 F.2d 797, 801 (9th Cir. 1981).

In any event, whether filed in this Petition or in the prior case, a Rule 60(b) motion must attack "some defect in the integrity of the federal habeas proceeding"; it must not attack the substance of the federal court's resolution of the merits of a claim or attempt to add new claims. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). Challenges that attack the merit of the federal court's resolution or add new claims trigger the bar on second-or-successive habeas petitions. *Id.*

Here, Petitioner attacks the merits of the prior decision: she claims that the previously assigned magistrate judge erred in concluding that a particular error was harmless. (Petition at 3.) The reason she claims the prior decision is error is that it rests on a void *state* judgment—a judgment she claims is void for violations of Double Jeopardy, use of evidence obtained pursuant to unlawful arrest, and the prosecution's failure to disclose favorable evidence. (Petition at 4.) Petitioner also highlights changes in California's sentencing scheme that post date her case. (Petition at 5.)

None of these claims attack the integrity of the prior federal habeas proceeding itself. Her attempt to reopen the judgment in Case No. 06-156-GHK (PLA) would thus appear to be a disguised second-or-successive petition, and

1 Petitioner has not met either the procedural or the substantive standards for
2 bringing such a motion. *See* 28 U.S.C. § 2244(b)(3) (requiring circuit court
3 authorization before a second or successive application may proceed); *id*. §
4 2244(b)(2) (requiring a showing that the application rests on a new rule of
5 constitutional law that was previously unavailable or a factual predicate that
6 could not have been discovered through the exercise of due diligence).

7 It would thus appear that Claim One is subject to summary dismissal.

**B.     Claim Two: Actual Innocence**

9 Claim Two alleges actual innocence. The Supreme Court has said that it
10 is an open question whether there is a federal constitutional right to habeas
11 relief upon proof of actual innocence. *Dist. Attorney's Off. For Third Judicial*
12 *Dist. v. Osborne*, 557 U.S. 52, 71 (2009). In *Herrera v. Collins*, the Court stated
13 that any petitioner attempting to state a freestanding innocence claim would
14 have to make an "extraordinarily high" and "truly persuasive" showing of
15 evidence of innocence before a court could consider granting relief. 506 U.S. 390,
16 417 (1993).

17 Petitioner's allegations relate to procedural irregularities in her case: that
18 the District Attorney's office originally rejected the claim, that it was dismissed
19 and recharged, and that she was not arraigned on the third case. (Petition at 8.)
20 None of these make an extraordinarily high and truly persuasive showing of
21 factual innocence. It would appear, then, that this claim should be dismissed
22 under Rule 4.

**C.     Claim Three: CDCR Credits**

24 Petitioner's third claim is that CDCR has calculated her release date
25 incorrectly and that it failed to give her credits to which she is entitled. (Petition
26 at 8.) It appears that her claim may not be cognizable and that it may be
27 unexhausted.

28

4

Federal habeas relief is not available for an alleged error in the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) Petitioner does not allege a federal constitutional violation. Moreover, a prisoner does not have a constitutionally guaranteed liberty interest in custody credits. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Carlo v. City of Chino*, 105 F.3d 493, 497 (9th Cir. 1997). Without more, it does not appear that Petitioner has a cognizable claim.

Beyond that, Petitioner does not allege that she exhausted this claim by fairly presenting it to the state's highest court. 28 U.S.C. § 2254(b)(1)(A). Petitioner claims that the state court has no jurisdiction over her claim (Petition at 8), but that is incorrect—credit issues may be raised via habeas petition in the California state courts once a prisoner has exhausted administrative remedies within the prison or shown that exhaustion is excused. *E.g.*, *In re Strick*, 148 Cal. App. 3d 906, 911 (1983). It thus appears that Claim Three must be dismissed either because it is not cognizable or because it was not properly exhausted.

**D.     Claims Four and Five: Resentencing Claims**

Petitioner alleges in Claim Four that her petition under the Racial Justice Act was transferred from one state case number to another. She alleges in Claim Five that the state court did not give her a "full and fair" resentencing hearing. To the extent either of these claims is cognizable—and not simply a matter of state law or procedure—Petitioner has not shown that her claims are exhausted. Petitioner left blank the question about whether these claims were presented to the California Supreme Court. (Petition at 8.) A search of the California Supreme Court's online docket[1] does not reflect any filing under the name Frankie Washington since 2016, and both the Racial Justice Act and S.B. 775

---

[1] https://supreme.courts.ca.gov/case-information/docket-search

did not come into effect until after 2016. *See Young v. Super. Ct. of Solano Cnty.*, 79 Cal. App. 5th 138, 147 (2022) (stating effective date of Racial Justice Act as January 1, 2021); *People v. Bingley*, No. B311246, 2021 WL 5858730, at *1 (Cal. Ct. App. Dec. 10, 2021) (noting effective date of S.B. 775 as January 1, 2022).

It would thus appear that neither of these claims is exhausted and that both claims are subject to summary dismissal on that basis.

**ORDER**

Based on the above, it appears that all the claims in the Petition may be subject to summary dismissal. Before the Court recommends dismissal of either the action or any claim in the Petition, however, the Court will give Petitioner an opportunity to respond. Petitioner is therefore **ordered** to show cause—to explain in writing—why the Court should not recommend to the assigned District Judge that her Petition be dismissed. Petitioner shall file her response **no later than October 24, 2025**.

**Petitioner's failure to file a timely response as ordered may result in the Court recommending that her case be dismissed with or without prejudice based on the merits of his claim, for failure to present cognizable claims, or for failure to prosecute and to follow court orders**.

DATED: September 25, 2025

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

6